## CITY RAILWAY CO v FRIEZELL

Ohio Appeals, 2nd Dist, Montgomery Co

No 1279.   Decided Feb 14, 1935

McMahon, Corwin, Landis & Markham, Dayton, for plaintiff in error.

W. S. Rhotehamel, Dayton, and Chester A. Graham, Dayton, for defendant in error.

## OPINION

By BARNES, J.
### Question No. 1.

"A. The record clearly shows plaintiff was contributorily negligent therefore verdict is against the evidence and the law."

After a careful examination of the record, giving the testimony the most favorable construction to plaintiff's contention, we are forced to the conclusion that the plaintiff Friezell was guilty of contributory negligence as a matter of law. Plaintiff be glancing at the traffic light and ascertaining that it was green or "Go" for him, and not making any other observation for westbound traffic before taking his step or two into the car, did not do his full duty for his own safety. The proper time to look was just before he started to cross the street and his evidence will bear the inference that it was then that he glanced over his right shoulder and saw the green light or "Go" signal for him. If he refers to the light signals on the north side of East Fifth Street, it is unexplainable why he did not see the oncoming car. The distance between these lights and his position in the street would be more than 75 feet. If plaintiff means to say that he looked at the traffic lights on the south side of East Fifth over his right shoulder, he would necessarily be facing a general easterly direction, and the oncoming car would be in full view. It necessarily follows that plaintiff was either mistaken as to the time at which he looked or very careless in his observation. The law is well defined that the time of looking must be when it can be done effectively. The fact that this westbound car entered the intersection on the red and then proceeded through on the amber, while establishing negligence on the part of the Railway Company, does not answer the issue of contributory negligence. Contributory negligence of the plaintiff necessarily infers negligence on the part

of the defendant. If the defendant is not guilty of negligence and the plaintiff is, then it is characterized as sole negligence. We recognize the rule that where a pedestrian at a regular street crossing starts with the green or "Go" signal, he has a right to rely on traffic in opposite directions obeying the signals and not entering the intersection against a red or stop light. Cleveland Ry. Co. v Goldman, 122 Oh St, 73. Henderson v Cleveland Ry. Co., 123 Oh St, 468. But even under this rule it is a jury question as to whether or not the pedestrian in the exercise of ordinary care should look again. Horwitz v Eurove, 129 Oh St, 8 (Ohio State Bar, December 31, 1934). Trentman v Cox, 118 Oh St, 247. Traffic is very frequently caught in the intersection during the change of signals, and the city ordinance in evidence as applicable to the city of Dayton gives the right to clear. For this reason the pedestrian must always know before he starts across on the green or "Go" signal that the intersection is clear and if traffic is therein either rightfully or wrongfully he thereby knows it, and must act with due care for his own safety. In the instant case this intersection controlling east and west traffic was 118 feet in distance. This was due to the fact that Dutoit and La Belle Streets did not come into East Fifth directly opposite each other. It is a mathematical certainty that the car in question, either rightfully or wrongfully, was in this intersection proceeding westwardly before plaintiff started to cross. If he had looked efficiently for traffic in this intersection, he would have seen the car. Considering the fact that plaintiff took one or two steps into the car near the front vestibule it necessarily follows that the car was in very close proximity when he took his first step.

We might say that very rarely would it follow that a plaintiff would be guilty of contributory negligence as a matter of law by reason of a collision at an intersection of this character, but where, as under the facts of this case, the plaintiff steps into the car, it is negligence.

We are asked in brief of counsel for plaintiff in error to enter final judgment. An examination of the record discloses that the defendant Railway Company did not, either at the close of plaintiff's testimony, or at the close of all the testimony, interpose a motion to direct a verdict. For that reason we can not enter final judgment. Woodman v Stahl, 2 Oh Ap, 464; Board of Education v Beckley, 8 ABS 751. The two cases above cited are from the 6th Appel-

late District, Judge Williams, now of the Supreme Court, rendering the opinion in each case.

In view of our conclusion that the case must be remanded it will not be necessary to comment at great length on the other grounds of error.

"B. The court erred in refusing to grant new trial since
1. Graham should have been excluded from the court room."

We think the law is well defined that the determination of this question was within the sound discretion of the court. Witness Graham being also an attorney of record for plaintiff, was permitted to remain in the court room after the court had ordered a separation of witnesses. This court could not molest on this ground unless we would find a gross abuse of discretion. We do not so find.

"2. The verdict is excessive."

The cause being remanded we will not discuss the amount of verdict.

"3. Jury should have been returned to answer special interrogatory No. 2."

We are unable to see that the answer to this interrogatory would be at all material. The unconflicted evidence discloses that there was no physical condition or object that prevented plaintiff from seeing the street car had he looked. If the jury had answered this interrogatory in this aspect it would not have added anything.

"C. The court erred·in refusing to grant judgment for defendant notwithstanding verdict, since   answers to interrogatories were inconsistent with general verdict."

This ground of error, as all others under "B" are presented as ground for new trial. If the verdict could be otherwise sustained, we would not be inclined to set it aside by reason of the interrogatories.

For. reasons stated, the verdict and judgment will be set aside and the cause remanded for new trial.

Exceptions will be allowed to defendant in error. Entry may be drawn in accordance with this opinion.

KUNKLE, PJ, and HORNBECK, J, concur.